CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 16 2005
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TROY VINCENT OAKES, | ) | |
| Petitioner, | ) | Civil Action No. 7:05-cv-00168 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ED WRIGHT, WARDEN, | ) | By: Hon. James C. Turk |
| Respondent. | ) | Senior United States District Judge |

Petitioner Troy Vincent Oakes, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. Oakes pled guilty in August 1996 before the Tazewell County Circuit Court to conspiracy and distribution of cocaine. The court sentenced him to fifteen years on each offense, but suspended his entire sentence on the condition that he complete a detention center program and remain on probation. In May 2001, the court found Oakes guilty of violating the terms of his probation and imposed all thirty years of the previously suspended sentence.[1] Oakes now challenges his confinement under the 2001 judgment. The respondent has filed a motion to dismiss to which petitioner has responded, making the matter ripe for the court's consideration. Upon review of the record, the court concludes that the motion to dismiss must be granted.

I.

With advice of counsel, Oakes signed a form on April 11, 2001, stating that he had violated the terms of his probation by not obeying all federal, state, and local laws and ordinances; by using, possessing or distributing controlled substances or related paraphernalia; and by changing his residence or traveling out of state without the permission of his parole officer. Oakes appeared before the Tazewell County Circuit Court on May 30, 2001, to show cause why his suspended sentence should not be revoked. The circuit court's order entered July 30, 2001, reflects that Oakes received written notice of the show cause hearing, that he pled not guilty to violating the terms of the suspension, and that he was found guilty after the court heard

---

[1] The judge later reconsidered the matter and suspended five years of the total sentence.

1

evidence and argument by counsel. By that same order, the circuit court revoked Oakes's probation and imposed all thirty years of the previously suspended sentence. Later that same day, the court issued another order, suspending five of the thirty years. These orders referenced Case Nos. 95-182-02 and 96-427-02, when in fact, the second case against Oakes was 96-127-02. On November 9, 2001, the circuit court entered an order to correct the typographical error in the July 30, 2001 judgment order, directing that the record be amended to reflect the correct case number: 96-127-02

Oakes appealed the judgment. A judge of the Court of Appeals of Virginia refused his petition for appeal on March 14, 2002, and a three-judge panel of the court affirmed that order on May 9, 2002. Oakes did not appeal to the Supreme Court of Virginia. Oakes filed a petition for writ of habeas corpus in the Tazewell County Circuit Court on July 30, 2003. The court dismissed the petition, and the Supreme Court of Virginia refused Oakes's subsequent petition for appeal on June 14, 2004.

Oakes executed his §2254 petition on March 14, 2005, alleging the following claims for relief:

1. Trial Judge Mullins failed to recuse himself from petitioner's May 30, 2001, probation revocation hearing and made vindictive and biased findings due to a conflict of interest.[2]

2. The Commonwealth's Attorney and probation officer suppressed evidence favorable to petitioner at the May 30, 2001, revocation hearing.[3]

3. The fifteen-year portion of petitioner's sentence for Case Number 96-427 is void because the sentencing order listed the incorrect case number and the court's November 2001 correction order came too late.

---

[2]After Oakes filed his state habeas petition in the Tazewell County Circuit Court, he discovered that Judge Mullins was convicted and sentenced before Judge John R. Frazier in Mercer County Circuit Court in West Virginia, on October 27, 2000, on a charge of driving under the influence. Judge Frazier dismissed drug charges brought against Oakes in that jurisdiction. Oakes alleges that Judge Mullins based his decision to revoke probation on testimony he knew to be false, regarding the dismissed charges.

[3]Oakes states that counsel had sought copies of probation records from Michigan that would have proved Oakes worked full time, reported on time, and had no problems; he did not receive the records in time for the May 2001 hearing. Oakes argues that this information would have proven to the judge that Oakes could not have been trafficking drugs during that time period.

4. (A). The trial judge relied on hearsay and rumor indicating that Oakes had been the major supplier of drugs to citizens of Tazewell for the past five years, and counsel failed to object.

    (B). The trial judge made no finding of fact as to which conditions of probation Oakes violated, and counsel did not object.

    (C). Petitioner did not receive the benefit of his plea bargain because federal authorities prosecuted him on the firearms charge, and counsel did not move to set aside the plea.

5. The court denied petitioner the right to allocution.

6. The Department of Corrections has not credited petitioner with time served in the detention center or with the twenty-three months he served in the federal system on the firearms charge.

7. Trial counsel failed to show petitioner's good adjustment under supervision in Michigan.

8. Appellate counsel failed to file an appeal to the Supreme Court of Virginia after the Court of Appeals of Virginia denied petitioner's direct appeal.

II.

Respondent argues that the petition must be dismissed as untimely under the one-year statute of limitations now applicable to §2254 petitions. See 28 U.S.C. § 2244 as amended in 1996 by the Anti-terrorism and Effective Death Penalty Act (AEDPA). The limitation period for filing a §2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> The limitation period shall run from the latest of---
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D).

Calculation of timeliness under §2244(d)(1)(A) is based on the date when the petitioner has exhausted available avenues for direct appeal. See United States v. Clay, 537 U.S. 522

3

(2003). After the Court of Appeals of Virginia denied Oakes's appeal on May 9, 2002, he had thirty days (until June 10, 2002) to appeal that ruling to the Supreme Court of Virginia. See Sup. Ct. Rule 5:14. As he failed to pursue such an appeal, the revocation judgement became final on Monday, June 10, 2002, and the federal statutory period under §2254(d)(1)(A) began to run. The period expired on June 10, 2003.

The running of the statutory period is tolled during the pendency of properly filed state court post conviction proceedings. §2244(d)(2). Oakes filed his state habeas petition on July 30, 2003, more than one month after the federal statutory period expired. Therefore, the state petition did not toll the running of the federal statutory period.

The court will assume for purposes of this opinion that Oakes delivered his §2254 petition to prison authorities for mailing on the same day he executed the petition, March 14, 2005. See Lewis v. Richmond City Police Dept, 947 F.2d 733 (4th Cir. 1991). Because he did not file the petition on or before June 10, 2003, the petition is untimely under §2244(d)(1)(A).

III.

Oakes argues that his opportunity for direct appeal was not exhausted (and his revocation judgment did not become final) until the expiration of his ninety-day opportunity to file a petition for certiorari to the United States Supreme Court. Oakes offers no authority under which he could petition for a writ of certiorari from the judgment of the Court of Appeals of Virginia. In any event, even if his conviction became final on September 10, 2002, and the statutory period was tolled for 320 days during the pendency of his state habeas petition, his federal petition was still filed after expiration of the one-year federal filing period.[4]

Oakes also argues that §2244(d)(1)(D) should apply to claims 1, 2, and 8, because he did not discover the facts necessary for these claims until after trial or even during appeal or habeas proceedings. Claims 1 and 2 Oakes first attempted to raise in an amendment to his petition for

---

[4]Between September 10, 2002, and July 30, 2003, when Oakes filed his state habeas petition, 323 days of the federal filing period expired. After the Supreme Court of Virginia dismissed his state petition on June 14, 2004, another 273 days passed before Oakes executed his federal petition.

4

appeal to the Supreme Court of Virginia during state habeas proceedings. That court upheld respondent's objection to the amendment, pursuant to Sup. Ct. Rule 5:25, because appellate review is limited to matters raised at the trial level and these claims were not included in the circuit court petition. If Oakes tried to bring claims 1 and 2 now in a state habeas petition, the claims would be barred under Virginia Code §8.01-654(A)(2), the state habeas statute of limitations. Therefore, the claims are procedurally defaulted, and this court may address them only if Oakes shows cause for the default and resulting prejudice or makes a colorable claim of actual innocence. Castille v. Peoples, 489 U.S. 346, 351 (1989).

Even assuming Oakes could prove that his incarceration, first in Michigan and then in Virginia, prevented him from seeing newspaper articles about Judge Mullins' DUI conviction, he has not shown actual prejudice resulting from the judge's own criminal history. When the judge sentenced Oakes in 1996 to thirty years and then suspended the sentences, he told Oakes,

> I'm going to allow you to go to the detention center and see if that is the answer. And if it isn't that means that you're going to spend most of your productive years behind bars. . . . I'm going to give you an opportunity. Don't come back for another one.

Trans. 8-8-96 at 23. At the revocation hearing, the judge had ample evidence before him that Oakes had continued his involvement with illegal substances in October 1999 in West Virginia while on probation from the 1996 convictions, regardless whether Oakes was criminally convicted for such conduct.[5] Trans. 5-30-2000 at 14-18, 35. Oakes's actions clearly violated terms of his probation, prohibiting him from violating local, state or federal laws or from using controlled substances. Moreover, Oakes received the revocation sentence that the judge warned him he would get if he resumed his involvement with drugs while on probation. Thus, Oakes has no viable argument that the judge's revocation decision was vindictive or related in any way to the judge's own DUI conviction. Because Oakes cannot show actual prejudice to excuse his

---

[5] An officer testified that authorities did not charge and prosecute Oakes for the October 1999 drug activity only because they knew he had pending federal firearms charges. Trans. 5-30-2000 at 23. Oakes himself admitted that he used crack in October 1999 in a hotel where he was staying without permission from his probation officer. Id. at 34-35.

5

procedural default, this court is barred from reviewing claim 1 on the merits, whether or not it was timely filed under §2244(d)(1)(D).

The alleged Brady materials at issue in claim 2 consist of records regarding Oakes's probation in Michigan. Clearly, Oakes knew at the time of the revocation hearing that these probation records existed. Accordingly, he has no ground to invoke §2244(d)(1)(D) as to claim 2, and it will be dismissed as untimely filed.

The facts necessary to bring claim 8 were easily discoverable early within the year after his conviction became final (June 10, 2002 to June 20, 2003). The direct appeal to the Supreme Court of Virginia had to be filed within thirty days after the May 9, 2002 decision of the court of appeals. A simple letter to the Supreme Court or counsel would have informed Oakes whether an appeal had been filed or not. Thus, the court cannot find any ground on which Oakes can invoke §2244(d)(1)(D) to render claim 8 timely filed. The court will dismiss this claim as untimely under §2244(d)(1)(A).

Finally, Oakes fails to present any other ground on which the court could find his claims timely under §2244(d) or on which the invocation of equitable tolling of the statutory period in his case is justified. Accordingly, the court concludes that the motion to dismiss must be granted. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within thirty days of the date of entry of this

6

Case 7:05-cv-00168-JCT-mfu Document 14 Filed 05/16/05 Page 6 of 7 Pageid#: 84

Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 16th day of May, 2005.

/s/ James C. Turk
Senior United States District Judge